IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **In re:** <br><br> GLENN and SANDRA O'DELL, <br><br> **Debtors.** | **Bankruptcy Case No. 05-04889** |

_____

### SUMMARY ORDER
_____

      Chapter 7 debtors Glenn and Sandra O'Dell filed a motion to convert their chapter 7 bankruptcy case to a case under chapter 13 on June 15, 2006. Docket No. 46.[1] In the motion, Debtors indicated they would propose a plan to pay their creditors' claims in full. Both the Chapter 7 Trustee, Lois Murphy, and Creditors Teresa and Craig Farley filed objections to the motion to convert. Docket Nos. 47, 51. Trustee objected on the grounds that Debtors lacked regular income and so were ineligible to pursue chapter 13 relief under 11 U.S.C. § 109(e);[2] that Debtors had filed their motion to convert in bad faith; and that a

---

[1] Before obtaining legal representation, Debtors filed a similar motion seeking to convert their case on June 13, 2006. Docket No. 43.

[2] References are made to the Bankruptcy Code, Title 11, U.S. Code, and to the Federal rules of Bankruptcy Procedure, Rules 1001–9036, as they existed prior to enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. 109-8, 119 Stat. 23 (Apr. 20, 2005). Debtors' petition, filed on

SUMMARY ORDER - 1

judgment denying Debtors a discharge under chapter 7 had been entered by default. Docket No. 47. Thereafter, pursuant to the Court's instructions at a hearing held on June 20, 2006, Debtors filed a memorandum in support of their conversion motion on July 19, 2006, together with documentation concerning their income as well as a proposed chapter 13 plan providing for full payment of all allowed creditor claims. Docket No. 49.

The Court conducted a hearing concerning Debtors' motion to convert on August 8, 2006, at which Debtors, Creditors, Trustee, and the U.S. Trustee appeared. At the conclusion of the hearing, the motion was taken under advisement. The Court invited the parties appearing to submit briefs, and Debtors and the U.S. Trustee did so. Docket Nos. 54, 56. After a review of the record, and the parties arguments and submissions, the Court concludes Debtors' motion should be granted.

Section 706(a) provides that "[t]he debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable." Decisions of this Court, as well as other persuasive appellate authority, have held that the right

---

October 13, 2005, preceded BAPCPA's effective date of October 17, 2005.

SUMMARY ORDER - 2

of conversion under § 706(a) is absolute, provided the case has not previously been converted. *Croston v. Davis* (*In re Croston*), 313 B.R. 447, 451 (9th Cir. BAP 2004); *In re Johnson*, 116 B.R. 224, 225 (Bankr. D. Idaho 1990). While there are other decisions that would allow the bankruptcy court to deny a motion to convert if filed by the debtors in bad faith, the Court concludes *Croston* and similar decisions correctly interpret § 706(a). *See Croston*, 313 B.R. at 451–52 (discussing cases holding that the right to convert is absolute).[3]

Debtors commenced this case under chapter 7 and have not previously converted the case to another chapter. Under the Code, Debtors have a one-time right to convert to chapter 13 to propose a plan to repay their debts. Under the prevailing case law, the Court need not consider whether Debtors' motion to convert is filed in good faith because § 706(a) gives Debtors the absolute right to convert. Any arguments concerning Debtors' eligibility for relief under chapter 13 based upon the amount or regularity of their income may be advanced at the time Debtors' plan is considered for confirmation.

---

[3] Since *Croston* was decided, the First Circuit issued its opinion in *Marrama v. Citizens Bank of Mass.* (*In re Marrama*), 430 F.3d 474 (1st Cir. 2005), holding that a debtor's right of conversion under § 706(a) was not absolute and could be denied by the bankruptcy upon the grounds of bad faith. The U. S. Supreme Court recently granted certiorari to review that decision. *Marrama*, 126 S. Ct. 2859 (June 12, 2006). Absent a contrary ruling by the Supreme Court, this Court declines any invitation to reexamine its previous decisions, or to disagree with the persuasive authority within the Ninth Circuit, holding that a debtor's bad faith is not a basis for denial of a § 706(a) motion to convert.

SUMMARY ORDER - 3

For these reasons, **IT IS HEREBY ORDERED THAT** Debtors' motion to convert, Docket No. 46, is granted and this case is hereby converted to a chapter 13 case.

Dated: August 17, 2006

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge